3680. SARTORIOUS v. PAPER MILLS COMPANY.

HILL, C. J. 1. Where the process attached to the petition was dated January 7, 1907, and required the defendant to be and appear at the city court of Atlanta to be held on the first Monday in January, 1908, and the defendant was duly served with the petition and process, and appeared in that court at the January term, 1908, and filed a plea to the merits of the suit, this was a waiver of irregularities in the proceedings, and it was not error to overrule a motion to dismiss the petition, made one year after the plea was filed, because of the mistake in the date of the process. Civil Code (1910), § 5551. The date of the process was immaterial when the defendant was duly served with the petition and process and made an appearance and filed a plea at the term of the court at which the process required him "to be and appear."

2. The copy of the note sued on, attached to the petition, contained the clause that it was payable "at the 4th National Bank of Atlanta, Ga., for value received, with interest after date until paid, at 8 % per annum." By an amendment to the petition this clause was stricken, and in lieu thereof the following inserted: "At the 3rd National Bank of Atlanta, Ga., for value received, with interest at 6 % per annum," etc. Held: (1) The amendment was properly allowed. Chapman v. Skellie, 65 Ga. 125 (1). (2) Overruling a motion to continue on the ground of surprise because of the allowance of the amendment was not an abuse of discretion, in the absence of a showing that the movant was less prepared to go to trial. Ga., Fla. & Ala. Ry. Co. v. Sasser, 4 Ga. App. 276 (2), (61 S. E. 505).

3. The evidence demanded the verdict directed, and the bill of exceptions is so clearly without merit that the judgment is affirmed, with 10 per cent. on the amount of the judgment as damages for delay in suing out and prosecuting the writ of error.

*Judgment affirmed, with damages.*

DECIDED FEBRUARY 12, 1912.

Complaint; from city court of Atlanta—Judge Calhoun. May 30, 1911.

*Morris Macks,* for plaintiff in error.

*J. E. & L. F. McClelland,* contra.