30482. RABUN v. PLANTERS COTTON OIL CO. INC.

PARKER, J. 1. Where the statement of the cause of action attached to a summons in a justice's court reads, "Balance on note for fertilizer, including principal and interest, $94.81," the action is a suit on a note, even though the summons recites, "action on a act.," and "copy of which said act. is attached," and the words, "for fertilizer," contained in the attached statement of the cause of action are mere surplusage.

2. The action was subject to special demurrer on the ground that the note declared on was not attached to the summons; and where the defendant's original demurrer recognized the action as one on a note, and called for the setting up of the note, the calculations showing the balance due, the date of the note, the rate of interest and the date from

154

which computed, the name of the original payee of the note, the original amount, and the data as to payments made, an amendment which set up and attached a copy of a note in the amount of $100 with interest from date at the rate of eight per cent. per annum, executed by the defendant, payable to the order of a named bank, and indorsed without recourse by the bank to the plaintiff, and which set up the calculations showing the balance due, was not an amendment changing the cause of action, because of a stipulation in the note, "advanced on cotton seed to be delivered by Oct. 1st, 1938." Said stipulation and the words "for fertilizer," both being surplusage to the legal effect of the note, the variance could have no effect upon the liability on the note. The action was one on a note, and not one on the transaction upon which the note was based. The copy of the note sued on, attached to the declaration, may be amended so as to conform to the original. *Chapman* v. *Skellie*, 65 *Ga.* 124; *Sartorious* v. *Paper Mills Co.*, 10 *Ga. App.* 522 (73 S. E. 854). It follows that a statement of a cause of action containing a superfluous erroneous description of the note declared on may be amended by setting up a true copy of the note.

3. The superior court, on appeal from the justice's court, did not err in overruling the demurrer to the amendment, and the verdict being supported by evidence, the overruling of the motion for new trial based on the general grounds only, was not error.

*Judgment affirmed.* *Sutton, P. J., and Felton, J., concur.*

DECIDED MAY 19, 1944.

*Stevens & Stevens,* for plaintiff in error.
*Jack D. Evans, Randall Evans Jr.,* contra.

